Lawrence Brewster
Regional Solicitor
Daniel J. Chasek
Associate Regional Solicitor
**Susan Seletsky**, Attorney (CSBN #176106)
Office of the Solicitor (Sol #1119378)
United States Department of Labor
350 So. Figueroa St., Suite 370
Los Angeles, California 90071-1202
     Telephone: (213) 894-4983
     Facsimile:  (213) 894-2064
seletsky.susan@dol.gov

JS-6

Attorneys for the Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HILDA L. SOLIS**, <br>  Secretary of Labor, <br>  United States Department of Labor, <br><br>        Plaintiff, <br><br>      v. <br><br>**GLOBE APPAREL, INC.** doing business as <br>  "G" and **"JULIA'S CLOSET,"** <br>  **and** <br>**UNO CLOTHING, INC.,** <br><br>        Defendants. | Case No.: CV 11-10447 DDP(JEMx) <br><br><br><br><br>**CONSENT JUDGMENT** |

       Plaintiff Hilda L. Solis, Secretary of Labor, United States Department of Labor ("Secretary"), and Defendants Globe Apparel, Inc. doing business as "G" and "Julia's Closet," and Uno Clothing, Inc. ("Defendants"), have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment in accordance herewith:

       A.    The Secretary has filed a Complaint alleging that the Defendants violated provisions of Sections 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA").

       B.    The Defendants have appeared by counsel and acknowledge receipt of a

1  copy of the Secretary's Complaint.

2      C.    The Defendants waive issuance and service of process and waive answer

3  and any defenses to the Secretary's Complaint.

4      D.    The Secretary and Defendants waive Findings of Fact and Conclusions of

5  Law, and agree to the entry of this Consent Judgment in settlement of this action, with-

6  out further contest.

7      E.    The Defendants admit that the Court has jurisdiction over the parties and

8  subject matter of this civil action and that venue lies in the Central District of California.

9      F.    The Defendants admit that they shipped goods made by employees of Nyna,

10  Fashion, Inc. during the period of March 1, 2010 through June 1, 2010 who were not

11  paid the minimum wage and overtime required under the FLSA. Defendants posted

12  funds to the Department of Labor in the amount of $7,069.59 to cover their portion of

13  the backwages due to those employees of Nyna Fashion, Inc. for the period of March 1,

14  2010 through June 1, 2010.

15      G.    The Defendants admit that they shipped goods made by employees of KJ

16  Girl, Inc. during the period of February 12, 2010 through May 12, 2010 who were not

17  paid the minimum wage and overtime required under the FLSA.  Defendants posted

18  funds to the Department of Labor in the amount of $40,000 to cover their portion of the

19  backwages due to those employees of KJ Girl, Inc. for the period of February 12, 2010

20  through May 12, 2010.

21      H.    The Defendants admit that they shipped or offered for transportation goods

22  that had been worked on by employees of KJ Girl, Inc. during the period of January 1,

23  2011 through February 11, 2011 who were not paid the minimum wage and overtime re-

24  quired under the FLSA.  Defendants posted funds to the Department of Labor in the

25  amount of $23,254.95 to cover their portion of the backwages due to the employees of

26  KJ Girl, Inc. for the period of January 1, 2011 through February 11, 2011.

27      It is therefore, upon motion of the attorneys for the Secretary, and for cause

28  shown,

**Consent Judgment** (Sol #1119378)                                          **Page  2 of 9**

ORDERED, ADJUDGED, AND DECREED that the Defendants, their officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Section 15(a)(1), 29 U.S.C. § 215(a)(1) of the Fair Labor Standards Act of 1938, as amended ("FLSA"), in any of the following manners:

1)      Defendants shall not, contrary to FLSA § 15(a)(1), 29 U.S.C. § 215(a)(1), transport, offer for transportation, ship, deliver, or sell in commerce (or ship, deliver, or sell with knowledge or reason to believe that shipment, delivery, or sale in commerce is intended) goods in the production of which any employee (of the Defendants or other(s)) has been employed in violation of the FLSA's minimum wage (29 U.S.C. § 206) or overtime pay provisions (29 U.S.C. § 207);

2)      Defendants shall discuss the following subjects with the owner or top management official of all sewing, cutting, finishing, trimming and printing contractors (hereafter "contractor(s)") with whom they do business in order to assess the contractor's willingness and ability to understand and comply with the FLSA prior to entering into any agreement with the contractor for its services.  Defendants shall maintain for a period of three years documentation showing that these subjects have been discussed and produce this documentation to representatives of the Secretary of Labor upon their request:

A.      The terms of the FLSA, including the contractor's obligation to pay minimum wage and overtime and maintain accurate records of the hours worked by and wages paid to its employees;

B.      Whether the proposed price terms are such that the contractor will be able to comply with the FLSA's minimum wage and overtime requirements;

C.      The contractor's willingness and ability, in light of the contractor's prior compliance history, involvement in the industry and financial resources, to understand and comply with the FLSA;

**Consent Judgment** (Sol #1119378)                                                                 **Page  3 of 9**

D.     The contractor's obligation to inform Defendants immediately when-ever the contractor is unable to meet any requirement of the FLSA;

E.     The Defendants will require the contractor to maintain true and accu-rate payroll records, and records of hours worked by all persons who work on goods produced for the Defendants. The contractor shall make these records avail-able to the Defendants and the U. S. Dept. of Labor upon request.

Defendants shall supply copies of the documentation required by this paragraph to representatives of the Secretary of Labor upon their request;

3)     On at least an annual basis, Defendants shall hire an independent third party to conduct a pricing analysis of a representative sample of the different types of gar-ments produced by Defendants to determine whether the fees Defendants pays to its con-tractors for their work on Defendants' goods are sufficient in light of the wage require-ments of the FLSA.  Defendants shall maintain documentation of these analyses for a period of three years and provide it to representatives of the Secretary of Labor upon their request;

4)     Within 30 days of the entry of this Judgment, Defendants shall hire an inde-pendent third party to monitor its contractors to enforce the contractors' compliance with the FLSA.   The monitor shall not represent either the manufacturer or contractor in-volved in this action in dealings with other parties or the Department of Labor.  The monitoring program shall include the following components:

a.   Random and unannounced site visits to the contractor, at least on a quar-terly annual basis;

b.   Review of the contractor's timecards and payroll records on at least a quarterly annual basis;

c.   Private and confidential interviews of at least 20% of the current em-ployees to determine the hours they work and the wages they are paid;

d.   Disclosure to the contractor of any FLSA compliance issues revealed by the monitoring and corrective action recommended to the contractor.

**Consent Judgment** (Sol #1119378)                                                    **Page  4 of 9**

The monitor shall produce written reports of its findings which Defendants shall maintain for a period of three years.  Defendants shall supply copies of these reports to representatives of the Secretary of Labor upon their request;

5)      Defendants shall maintain for a period of three years copies of all cutting tickets issued to their contractors and supply copies of these records to representatives of the Secretary of Labor upon their request;

6)      Defendants shall maintain records of all shipments made to retailers for at least three years from the date the shipment was made and supply copies of these records to representatives of the Secretary of Labor upon their request;

7)      Defendants shall supply all of its contractors with copies of the attached Exhibit 1, in English, Spanish and Korean, which summarizes terms of this Judgment and the employees' rights under the FLSA.  The English and Spanish versions are attached.  Defendants shall ensure that its contractors distribute a copy of Exhibit 1 to each of their current employees within 30 days of entry of this Judgment, in the employees' native languages, provide copies to all new hires, and post a copy at each of its contractor's establishments; and it is further

ORDERED that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended; and, it is further

ORDERED that this Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

Dated:  January 03, 2012

_____
U.S. DISTRICT JUDGE

///
///

For the Defendants:

The Defendants hereby appear, waives any defense herein, consents to the entry of this Judgment, and waives notice by the Clerk of Court:

For:  Globe Apparel, Inc. doing business as "G" and "Julia's Closet"

By: _____                    _____
              David Y. Um                                              Date

Its: _____
              President

For:  Uno Clothing, Inc.

By: _____                    _____
              David Y. Um                                              Date

Its: _____
              President

Attorneys for the Defendants

LAW OFFICES OF FRANK N. LEE


_____                    _____
FRANK N. LEE                                                          Date
Law Offices of Frank N. Lee
3435 Wilshire Boulevard
Suite 450
Los Angeles, CA  90010
Tel:  (213) 487-9777
Fax: (213) 487-9776

Attorneys for the Defendants


**Consent Judgment** (Sol #1119378)                                              **Page  6 of 9**

For the Plaintiff:

M. PATRICIA SMITH
Solicitor of Labor

LAWRENCE BREWSTER
Regional Solicitor

DANIEL J. CHASEK
Associate Regional Solicitor

_____                    _____
SUSAN SELETSKY, Attorney                    Date
Attorneys for the Plaintiff
U.S. Department of Labor

**Consent Judgment** (Sol #1119378)                    **Page 7 of 9**

Exhibit 1

**LEGAL NOTICE TO ALL EMPLOYEES**

The **Fair Labor Standards Act** provides that all employees must be paid **minimum wage** for all hours worked.  In addition, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek.  All employees, whether they are paid **hourly** or on a **piece rate** basis are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order forbidding the manufacturer, **Globe/Uno dba "Julia's Closet"**, from shipping goods on which employees were not paid the minimum wage or overtime required by the **Fair Labor Standards Act**.  All employees who work in this establishment can help Globe/Uno not to violate the Court's Order.   If you work on the **"Julia's Closet" label** and think you are not being paid in accordance with the law**, call Globe/Uno at (323) 585-5885**.  Or, you can call the U.S. Department of Labor, Wage and Hour Division, at (213) 894-6375 and your name will be kept confidential.

<u>Exhibit 2</u>

## NOTICIA LEGAL A TODOS LOS EMPLEADOS

La Ley de Normas Razonables de Trabajo determinan que se les debe de pagar a todos los empleados el sueldo mínimo por todas las horas que ellos trabajen.  A la vez, también estipula que todo empleado que trabaje sobre tiempo, más de 40 horas en una semana laboral, se les deberá pagar a tiempo y medio de lo que ganen por cada hora de sobre tiempo trabajada.   Todos los empleados, independientemente de que se les pague por hora o por pieza, tienen derecho a que se les pague el sobre tiempo cuando trabajan más de 40 horas en una semana laboral.

Para resolver una demanda laboral iniciada por el Departamento Del Trabajo, la corte del Distrito de los Estados Unidos expidió una orden que prohíbe a **Globe/Uno**, hacienda negocio como **"Julia's Closet,"** fábricas de ropa, de enviar la producción a sus distribuidores si en la fabricación de dichos productos no se les pago a los empleados el sueldo mínimo o el sobre tiempo requerido por la Ley de Norma Razonable de Trabajo. Todos los empleados que trabajan en éste establecimiento pueden ayudar a **Globe/Uno** a no violar la orden de la Corte.  Si usted trabaja con la ropa con la etiqueta de "**Julia's Closet"** y si usted piensa que no se le pago de acuerdo a lo que la ley indica, por favor llame a **Globe/Uno**,  al número (323) 585-5885, o usted también puede llamar directamente al Departamento del Trabajo de los Estados Unidos, Division de Horas y Salarios, al (213) 894-6375.  Su llamada será confidencial.